COOKS, J.,
dissenting.
hi respectfully dissent from the portion of the majority’s opinion that refuses to consider the Claimant’s assignment of error asserting the WCJ’s order of dismissal is overbroad and could possible serve to dismiss claims that were not subject to the Satisfaction of Judgment filed after AHF paid the June 18, 2012 judgment. The justification for the majority’s refusal to consider this assignment of error is that “[bjecause Allen failed to raise the issue of possible ambiguity in the judgment before the WCJ, we will not consider this aspect of his second assignment of error for the first time on appeal.”[1] I find this court most certainly has the authority to consider this issue on appeal, and feel it is an abrogation of our duty to simply dismiss Claimant’s argument.
Contrary to the Louisiana Constitution Article 5, section 10 (emphasis added) sets forth an appellate court’s scope of review of administrative agency proceedings as follows:
(B) Scope of Review. Except as limited to questions of law by this constitution, or as provided by law in the review of administrative agency determinations, appellate jurisdiction of a court of appeal extends to law and facts. In the review of an administrative agency determination in a worker’s compensation matter, a court of appeal may render judgment as provided by law, or, in the interest of justice, remand the matter to the administrative agency for further proceedings. In criminal cases its appellate jurisdiction extends only to questions of law.
|2Any concerns the majority might have as to the record being inadequate to amend the judgment, is not, in my view, a valid basis for an outright rejection of Claimant’s assignment of error. As set forth above, La. Const. art. 5, § 10(B) specifically grants the appellate courts the authority to, “in the interest of justice, remand the matter to the administrative agency for further proceedings.” Therefore, rather than dismissing Claimant’s assignment of error because of a lack of clarity as to what went on below at the administrative agency level, it would seem both prudent and fair to, at a minimum, remand the case back to the Office of Workers’ Compensation for further proceedings.
I find reasonable Claimant’s concerns that the Order of Dismissal is unclear, overbroad and could be interpreted to exclude future claims and rulings by the WCJ. The Satisfaction of Judgment provided by Claimant to AHF was specific, and indicated that only the Judgment rendered on June 18, 2012 was “paid and satisfied.” AHF’s Motion to Dismiss stated that “all disputes in the above referenced docket numbers have been fully and completely resolved,” (emphasis added) and asked that the “above referenced docket numbers be dismissed, with prejudice, reserving all other disputes between *350 the parties.” An Order of Dismissal was then signed by the WCJ ordering “that all claims subject to the above referenced docket numbers be and are hereby dismissed, with prejudice, reserving all other disputes between the parties.” The words “all claims subject to” was handwritten and inserted into the order. Claimant contends it objected to the order prior to its signing, and further notes there was no hearing on the order.
It is difficult to dispute Claimant’s argument that the Motion to Dismiss and Order of Dismissal are much broader than the Satisfaction of Judgment. The Satisfaction of Judgment only pertained to the penalties and attorney fees awarded for the failure to approve a memory foam mattress. Thus, the Claimant’s argument | ¡¡that the Order of Dismissal should have been limited to the June 18, 2012 judgment is compelling.

. In his brief to this court, counsel for Claimant contends the order "was signed even though an objection was made to the Order of Dismissal submitted to the workers' compensation judge." The record before us, however, does not include any objection made.